UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

XIULING CAI,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 23-2235 (LLA)

**ORDER**

Pending before the court are pro se Plaintiff Xiuling Cai's Motion for Leave to File Address Ex Parte and Under Seal ("Seal Motion"), ECF No. 2, and her Second Amended Opposed Motion for Additional Time for Service of Process and for Leave to Seal ("Service Motion"), ECF No. 28. For the reasons discussed below, the court will grant the Seal Motion and deny the Service Motion.

**I.     Discussion**

**A.     Seal Motion**

In her Seal Motion, Ms. Cai asks the court to allow her to "file a notice with [her] address with the [c]ourt alone . . . instead of in a manner that would reveal [her] address to the Defendants." ECF No. 2, at 3. Defendants have not opposed her motion, and the court will grant it as conceded. *See* Local Civ. R. 7(b). Within thirty days, Ms. Cai shall file a notice containing her residential address ex parte and under seal.

**B.     Service Motion**

Ms. Cai's Service Motion contains several requests. First, she seeks an extension of time, until sixty days after discovery is completed, to serve the six "John Doe" defendants. ECF No. 28, at 1, 10-11. The court understands that Ms. Cai has not had the opportunity to conduct discovery

to identify the "Doe" defendants, but an extension is not warranted at this time. *See Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010) (explaining that "John Doe" defendants are excepted from Federal Rule of Civil Procedure 4(m)'s service requirement "where the otherwise unavailable identity of the defendant will eventually be made known through discovery"). If Ms. Cai identifies the "Doe" officers during discovery, she can seek to amend her complaint, at which point the court will determine whether the claims against the newly named defendants "relate back" for statute-of-limitations purposes. *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233-34 (D.D.C. 2013).

Next, Ms. Cai seeks "reasonable time to cure the defect in service, in the event that service of process has not been properly performed" against the already served Defendants. ECF No. 28, at 2. This request is premature because no Defendant has contested service. If a Defendant later disputes service, Ms. Cai will have an opportunity to respond before the court rules.

Finally, Ms. Cai requests that the court seal several of her filings, namely ECF Nos. 19, 22, and 22-1, because they contain Defendant Markley's date of birth and employment history. While her filings violate Federal Rule of Civil Procedure 5.2(a) and Local Rule of Civil Procedure 5.4(f) because they include Mr. Markley's full birthdate instead of just his birth year, the court does not see a need to seal the documents unless Mr. Markley moves the court to do so.

## II.   Conclusion

For the foregoing reasons, Ms. Cai's Motion for Leave to File Address Under Seal, ECF No. 2, is **GRANTED** as conceded, and Ms. Cai **shall file**, no later than April 11, 2024, a notice containing her residential address ex parte and under seal.

It is further **ORDERED** that Ms. Cai's Motion for Additional Time for Service of Process, ECF No. 28, is **DENIED**.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: March 12, 2024