**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

XIULING CAI,

        *Plaintiff*,

    v.                         Civil Action No. 23 - 2235 (LLA)

UNITED STATES OF AMERICA, *et al.*,

        *Defendants*.

**MEMORANDUM OPINION AND ORDER**

In August 2023, Plaintiff Xiuling Cai, proceeding pro se, filed a 539-paragraph, 206-page complaint that raised twenty claims against a group of federal officials (the "Federal Defendants") and District of Columbia officials (the "District Defendants"). ECF No. 1. The case was directly reassigned to the undersigned in December. Dec. 14, 2023 Docket Entry.

Ms. Cai thereafter sought to amend her complaint. *See* ECF No. 33. In setting a deadline for the amended complaint, the court advised Ms. Cai that "Federal Rule of Civil Procedure 8 requires a short and plain statement of the basis for this court's jurisdiction, a short and plain statement of the claims showing that she is entitled to relief, and demand for judgment for the relief she seeks." May 13, 2024 Minute Order. The court further explained that "[a] non-conforming complaint is subject to dismissal." *Id.*

In July 2024, Ms. Cai filed her amended complaint—a 606-paragraph, 245-page pleading, which contains an additional 66 pages of exhibits and adds a private security company and its officer (the "Inter-Con Defendants") as Defendants in addition to the Federal Defendants and the District Defendants. ECF No. 35. She alleges various violations of the "First, Fourth, Fifth, and

Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985, 1986, D.C. Code § 22-3704, [a] *Bivens* action[,] and . . . common law [claims]." *Id.* ¶ 1.

All Defendants have moved to dismiss Ms. Cai's amended complaint. ECF No. 40 (Federal Defendants); ECF No. 44 (Inter-Con Defendants); ECF No. 46 (District Defendants). Several Defendants contend that Ms. Cai's amended complaint violates the requirements of Rule 8(a)(2) and dismissal is warranted. ECF No. 44-1, at 9 n.3 (Inter-Con Defendants asserting that the 245-page amended complaint "likely fails to meet the general pleading rules in Federal Rule of Civil Procedure 8(a)(2)"); ECF No. 46, at 31 (District Defendants arguing similarly and emphasizing the court's May 13, 2024 order warning Ms. Cai about the pleading standard). The court agrees and will dismiss Ms. Cai's amended complaint under Rule 8, but it will permit her to file a second amended complaint that cures the existing deficiencies within thirty days.

Rule 8(a) requires that a complaint include: (1) "a *short* and *plain* statement of the grounds for the court's jurisdiction," (2) "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3) (emphases added); *see* Fed. R. Civ. P. 8(d)(1) (requiring "simple, concise, and direct" allegations). These rules ensure that Defendants have "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material," or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," fails to meet Rule 8's pleading standards. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (quoting *T.M. v. District of Columbia*,

961 F. Supp. 2d 169, 174 (D.D.C. 2013)).  And a court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*.  *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules").  Although filings by pro se litigants are held to less stringent standards than those drafted by lawyers, all litigants must follow the Federal Rules.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Here, Ms. Cai's amended complaint fails to meet the pleading standards of Rule 8.

First, the amended complaint is neither "short" nor "plain."  Fed. R. Civ. P. 8(a); *see Jiggetts*, 319 F.R.D. at 415 ("It is well established that '[un]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" (alteration in original) (quoting *Ciralsky*, 355 F.3d at 669)).  Due to its length, "it is nearly impossible to discern the *essential* facts that underlie [Ms. Cai's] legal claims because of the excessively lengthy recitation of events and myriad seemingly irrelevant descriptions that are presented in [her] pleading."  *Jiggetts*, 319 F.R.D. at 415.

"[M]yriad factual allegations are entirely divorced from the various legal claims that [Ms. Cai] assert[s]."  *Id.* at 416; *see, e.g.*, ECF No. 35 ¶¶ 10-11 (quoting Ronald Reagan and stating her belief that "God wants to win this war through me"), 27-32 (discussing her legal and political activity outside the District of Columbia), 35-82 (nearly fifty paragraphs of facts concerning the first case of "[p]ersecution" against her), 83-100 (almost twenty paragraphs concerning the second case of "[p]ersecution" against her), 101-152 (over fifty paragraphs concerning the third case of "[p]ersecution" against her), 276-283 (discussing "[r]elevant [s]tatistics" that are divorced from

any counts in the complaint).  "[U]nnecessary facts not only complicate the exercise of discerning the legal landscape, they also actively prevent Defendants from adequately raising certain defenses to the complaint."  *Jiggetts*, 319 F.R.D. at 415.  While the parties have tried to parse through Ms. Cai's various allegations, the court declines to entertain an overlength complaint.

In addition to unnecessary facts, Ms. Cai's amended complaint contains a number of paragraphs stating pure legal conclusions about Defendants' alleged policies and practices, ECF No. 35 ¶¶ 249-275, but Ms. Cai does not explain how these practices relate to any facts she is alleging or counts she is advancing.  Instead, these "muddled statements . . . indiscriminately assert different legal theories" that "only refer to the underlying facts in passing."  *Jiggetts*, 319 F.R.D. at 416.  Specifically, Ms. Cai devotes multiple paragraphs to "policies"—about Defendants' invasion of privacy when arrestees are using the bathroom, ECF No. 35 ¶¶ 249-250; collection and retention of evidence, *id.* ¶ 252; warrantless arrests, *id.* ¶¶ 253-255, 257; "arbitrary" use of pretrial detention, *id.* ¶ 256; inhumane treatment at the D.C. Jail, *id.* ¶¶ 260-261; and dismissal of charges to "cover up" crimes, *id.* ¶ 271—that bear little to no connection to her substantive claims.  These "unnecessary" legal arguments make it harder to understand Ms. Cai's potentially relevant but unduly "lengthy and confusing" factual allegations, and together they fail to properly put Defendants on notice of which facts map on to each of her many claims.  *Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (per curiam).

Next, Ms. Cai devotes over 100 paragraphs in her amended complaint to preemptively addressing affirmative defenses.  *See*, *e.g.*, ECF No. 35 ¶¶ 194-248 (discussing equitable tolling), 284-285 (discussing municipal liability), 286-294 (discussing absolute immunity), 295-301 (discussing qualified immunity).  Because it is Defendants' obligation to raise any applicable affirmative defenses, Ms. Cai should not address them in her complaint.  *See Flying Food Grp. v.*

*Nat'l Lab. Rels. Bd.*, 471 F.3d 178, 183 (D.C. Cir. 2006) ("[A] 'plaintiff is not required to negate an affirmative defense in his complaint[.]'" (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993))); *see also* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1276 (4th ed. 2025) ("[A] plaintiff's complaint . . . contain[ing] allegations that seek to avoid or defeat a potential affirmative defense . . . is improper pleading because these allegations are not an integral part of the plaintiff's claim for relief and lie outside his or her burden of pleading."). If and when Defendants raise any applicable affirmative defenses in response to a complaint that satisfies Rule 8, such as in an answer or a motion to dismiss, Ms. Cai will have the opportunity to respond.

Finally, after 163 pages and 310 paragraphs, Ms. Cai asserts twenty causes of action. ECF No. 35 ¶¶ 311-606. For each, Ms. Cai "reallege[s] and incorporate[s] by reference" every single paragraph that precedes it. *Id.* ¶¶ 311, 320, 331, 359, 369, 380, 399, 418, 433, 471, 497, 520, 526, 533, 541, 557, 567, 589. While that may be standard fare in an ordinary complaint, Ms. Cai's amended pleading fails to put Defendants on notice of what precisely is being asserted. *See Jiggetts*, 319 F.R.D. at 416. Notwithstanding the incorporation by reference of 300 paragraphs of allegations, at least two of the counts cite various statutes but group factual incidents together and strip out details that might "indicat[e] [which] of the particular allegations . . . correspond to the legal theories and claims that are alleged." *Id.* at 416; *see* ECF No. 35 ¶¶ 331-358 (Counts III and IV). Still others present legal conclusions coupled with a generalized factual summary based on multiple "occasions." *Id.* ¶¶ 359-368 (Counts V and VI). Another recites a distilled version of her entire factual narrative, even though the substantive claim concerns only malicious prosecution. *Id.* ¶¶ 380-398 (Count VIII). And, aside from the counts that leave Defendants "guess[ing] at what factual allegations underpin each," *Jiggetts*, 319 F.R.D. at 416 (internal

quotation marks omitted), others fail to state a legal basis for the cause of action altogether, *see* ECF No. 35 ¶¶ 311-319 (Count I, "Assault"), 320-330 (Count II, "Battery"), 541-556 (Count XVII, "Violation of the First Amendment of the U.S. Constitution").

Courts have not hesitated to dismiss similar pleadings and suits under Rule 8(a). *See, e.g.*, *Kelleher v. Regan*, No. 23-CV-2756, 2023 WL 8600507, at *1 (D.D.C. Nov. 27, 2023) (dismissing complaint that "offer[ed] a 'rambling, disjointed, incoherent' discussion" (quoting *Jiggetts*, 319 F.R.D. at 413)); *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing complaint *sua sponte*, after motions briefing, for being "unintelligible"); *Hamrick v. United States*, No. 08-CV-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30, 2009) (dismissing suit because "[d]efendants should not be forced to spend time and energy in attempting to decipher plaintiff's utterly confusing and lengthy pleading").

The court will therefore dismiss Ms. Cai's complaint without prejudice and allow her another opportunity to file a complaint that complies with Rule 8. *See Ciralsky*, 355 F.3d at 668-69. In her second amended complaint, Ms. Cai must "distill[] the facts [and legal theories] into a coherent recitation of essential information," rather than "load[] up [her] pleading with every conceivable detail that relate[s] to any and all aspects of [her claims]." *Jiggetts*, 319 F.R.D. at 418. Ms. Cai is advised that if she files another "unnecessarily lengthy" complaint, *id.* at 414, or one that repeats the other missteps described above, the court will dismiss the case with prejudice, *see Brown*, 164 F. Supp. 3d at 35 (warning the plaintiff that if he "file[d] an amended complaint that merely recycle[d] the complaint [that had been previously dismissed under Rule 8,] it may be dismissed with prejudice" (quoting *Hamrick v. United States*, No. 10-CV-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010))).

For the foregoing reasons, it is hereby **ORDERED** that Ms. Cai's amended complaint, ECF No. 35, is **DISMISSED** without prejudice, but Ms. Cai is granted leave to file a second amended complaint that complies with Federal Rule of Civil Procedure 8 on or before October 27, 2025.  It is further **ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 40, 44, 46, are **DENIED** as moot.

———————————————
LOREN L. ALIKHAN
United States District Judge

Date:   September 26, 2025